[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14391
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cv-00126-MEF-CSC


MARVA WATKINS,

Plaintiff-Appellant,

versus

KID ONE TRANSPORT,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 28, 2013)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Marva Watkins, proceeding *pro se*, appeals the summary judgment entered by the District Court in favor of favor of Kid One Transport System, Inc. ("Kid One") on her claims of race and gender discrimination brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). In her complaint, Watkins alleged that Kid One deprived her of vacation pay, paid her lower wages than other employees, and terminated her employment illegally on the basis of her race (black) and sex (female). Kid One, in moving for summary judgment, asserted that Watkins was terminated from her position as a driver because its insurance carrier cancelled her coverage; that she was not deprived of her vacation pay or paid lower wages based on her race; and that she had failed to exhaust her administrative remedies regarding her claim of gender discrimination. The District Court granted Kid One's motion, concluding that Watkins failed to establish a *prima facie* case of race discrimination and failed to exhaust her administrative remedies as to her gender discrimination claim. Watkins appeals the court's judgment.

Watkins's brief does not address the District Court's order granting summary judgment—the order under review. Accordingly, her appeal is presumptively abandoned. Because she is proceeding *pro se*, however, we do consider whether summary judgment was appropriate.

2

Title VII makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of her race or gender.  42 U.S.C. § 2000e-2(a)(1).  To bring suit under Title VII, a plaintiff must first exhaust her administrative remedies by filing a timely discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citing 42 U.S.C. § 2000e-5(b)).  Watkins's EEOC filing failed to charge gender discrimination; in fact, it asserted no facts revealing such discrimination.  The District Court therefore did not err in rejecting that claim.  We consider, instead, the claim of race discrimination.

Watkins attempted to prove her claim of race discrimination by circumstantial evidence, and thus invoked the burden-of-proof model established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).  *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).  Her first step was to show that she was: (1) a member of the protected class; (2) qualified for her current position; (3) subject to an adverse employment action; and (4) replaced by someone outside the protected group or treated less favorably than any similarly situated employee outside her protected group.  *Maynard*, 342 F.3d at 1289.  If she completed that step, Kid One had the

3

obligation of coming forth with a legitimate, nondiscriminatory reason for its employment decision. *McDonnell Douglas Corp.,* 411 U.S. at 802-03, 93 S.Ct. at 1824. If it did that, Watkins had to show that the reason was pretextual. *Id.* at 804, 93 S.Ct. at 1825.

Kid One was entitled to summary judgment on Watkins's claim of race discrimination,[1] because the undisputed evidence does not support the inference that Kid One treated non-black employees more favorably than it treated Watkins, who is black. The record contains no evidence of any person, regardless of race, who was allowed to remain employed as a driver with Kid One after the insurer cancelled the driver's coverage. Further, there is no evidence that non-black employees were paid higher wages or paid for unused vacation leave after being terminated from employment with Kid One.

AFFIRMED.

---

[1] Watkins satisfied the first and third *McDonnell Douglas Corp.* steps, but, according to the evidence, not the second or third. And she did not establish as pretext the company's non-discriminatory reason for the adverse employment decision.